HARKERT CIGAR COMPANY, Appellant, v. LOUIS HERMAN, Appellee.

**TRADE-MARKS AND TRADE NAMES: Unfair Competition.** When a trade name has been used by both parties for many years, a heavy burden rests upon plaintiff to prove his allegations of unfair competition in its use by defendant. Especially is this true when the trade name in question is the name of the place of business of both parties. *Held*, in the case at bar, that plaintiff did not meet this burden, and that the trial court properly dismissed the petition.

*Appeal from Scott District Court.*—F. D. LETTS, Judge.

FEBRUARY 12, 1924.

SUIT in equity, to enjoin unfair competition. The defendant denied all allegations of the petition. After a hearing upon the merits, the trial court found the fact issues with the defendant, and dismissed the petition accordingly. The plaintiff appeals.—*Affirmed.*

*Betty & Betty* and *Bollinger & Block,* for appellant.

*W. M. Chamberlin* and *M. F. Donegan,* for appellee.

EVANS, J.—The plaintiff is and for many years has been a manufacturer and jobber of cigars, with its principal place of business at Davenport. In the extension of its trade, it has applied the name ''Davenport'' to a brand of its cigars, and has incurred large expense of advertising the same under such name. The name was written in Gothic script on the inside of the box covers and diagonally thereon. It had thereby built up a considerable trade in such purported brand of cigars. The defendant also is and for many years has been a jobber in the cigar business, with its principal place of business in Davenport. The business of the present defendant was started 35 or 40 years ago by its predecessor, Adolph Herman, since deceased, and the business has always been conducted under such name. The defendant also has used the same name, ''Davenport,'' upon a brand of its cigars, and has used it in substantially the same manner as has the plaintiff. The charge against the defendant is that he has simply adopted the name ''Davenport'' in order to appropriate to himself the trade which has been built up by the plaintiff in such purported brand by extensive and expensive advertising and otherwise. The plaintiff claims to have adopted this name for its advertising purposes in 1900, and to have used it ever since, and thereby to have acquired certain rights therein, analogous to that of a trade name, and that the use resorted to by the defendant constitutes unfair competition, within the meaning of the law. The defendant claims that he and his predecessor, Adolph Herman, have continuously used such name for a time beginning long prior to 1900, and that he was using such name as far back as 1886, and that his use of the name is precisely what it has been from the year 1886 until now.

Such is the general nature of the issue of fact between the parties. Though the record presents several incidental questions, there can be no occasion for dealing with these if the finding of fact by the trial court is sustained by the record. The evidence is too voluminous to be incorporated, even in substance, in this opinion. We have read it carefully, and are constrained to agree with the finding of the trial court. The name is primarily geographical. It has always represented the geographical location of the respective jobbers. Where it appears that the name has been used in greater or less degree by both parties for

many years, a heavy burden rests upon the plaintiff to prove its allegations. In such a case, it ought not to be lightly found that one party can appropriate as a trade name the common geography of both, and thereby exclude the other from its use. If it incurred great expense in advertising the name and in building up a trade thereby, it did so with full knowledge of the elementary rights of its competitor, which were equal to its own. The decree entered below is, accordingly, affirmed.—*Affirmed.*

ARTHUR, C. J., PRESTON and FAVILLE, JJ., concur.